UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LONNIE PAHL CUMMINGS,<br><br>    Plaintiff,<br><br>    v.<br><br>KAMALA HARRIS, et al.,<br><br>    Defendants. | Case No. 14-cv-02539-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 11] |

In this action, *pro se* plaintiff Lonnie Pahl Cummings challenges the constitutionality of a state law requiring the posting of bail in order to challenge a traffic ticket via a special procedure known as a "trial by declaration." Before the Court is the Motion to Dismiss filed by defendant Superior Court of California, County of Santa Clara ("the Superior Court"). Def.'s Mot., ECF 11. Plaintiff did not file an opposition. On October 16, 2014, the Court heard oral argument on the matter. Plaintiff appeared and explained that he did not know that he should have submitted a written opposition to the Superior Court's motion. Having carefully considered the Superior Court's papers as well as the oral argument of the parties, the Court hereby GRANTS the Superior Court's Motion to Dismiss with leave to amend.

**I.    BACKGROUND**

California Vehicle Code § 40902 provides that a defendant cited for a traffic infraction "may elect to have a trial by written declaration." Cal. Veh. Code § 40902(a)(1). A defendant electing a trial by declaration is required to "submit bail in the amount established in the uniform traffic penalty schedule pursuant to Section 40310." *Id.* § 40902(b). The bail is refunded to the defendant if he is found not guilty or if the charges are dismissed. *Id.* A defendant dissatisfied with the outcome of a trial by declaration "shall be granted a trial de novo." *Id.* § 40902(c).

The gravamen of Plaintiff's Complaint involves a traffic ticket and his financial inability to post bail for a trial by declaration. Compl. ¶ 5(b).[1] Plaintiff alleges that he first requested a trial by declaration from the clerk of the Superior Court, who informed him of the bail requirement. When Plaintiff responded that he could not pay "because he is financially broke due to his divorce," the clerk "told Plaintiff she was sorry and gave Plaintiff an extension." *Id.* When, at the end of the extension, Plaintiff again asked for a trial by declaration without posting bail, the clerk allegedly "laughed, told the Plaintiff that he could always ask the Judge, and gave Plaintiff a court date to appear." *Id.* ¶ 5(c). At Plaintiff's court appearance, he again requested a trial by declaration, but the judge told him "You had your chance." *Id.* ¶ 5(d). The Complaint does not allege the ultimate outcome of the traffic ticket, but Plaintiff informed the Court at the October 16, 2014 hearing that the citation was dismissed in September 2014 because the charging officer did not appear in court.

Plaintiff asserts that the bail requirement for a trial by declaration is unconstitutional, referencing a number of provisions from both the United States Constitution and the California Constitution, and seeks declaratory and injunctive relief against the "bail/fee requirement for a 'Trial by Declaration.'" *Id.* ¶¶ 2(b), 5(h)-(n); *see also id.* at 8.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff set forth in his complaint a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of the plaintiff's statement of his claims, and dismissal under this rule may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

To survive a motion to dismiss, a complaint must plead sufficient factual matter that, when accepted as true and construed in the light most favorable to the non-moving party, "allows the

---

[1] Though Plaintiff did not identify California Vehicle Code § 40902 in his Complaint, he attached to the Complaint a copy of the code provision printed from the website of the California Department of Motor Vehicles.

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court does not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  Ultimately, a pleading that offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not do.  *Iqbal*, 556 U.S. at 678 (citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Here, the Court is mindful that "a document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (quoted with approval in *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1041 (9th Cir. 2014)).

## III.  DISCUSSION

The motion before the Court argues that Plaintiff's claim against the Superior Court should be dismissed for several reasons.[2]  Specifically, the Superior Court argues that the Eleventh Amendment bars Plaintiff's claim, that the *Rooker-Feldman*[3] doctrine precludes Plaintiff's claim, that this Court should abstain from hearing Plaintiff's claim under the *Younger*[4] doctrine, and that Plaintiff has failed to allege a plausible claim for relief against the Superior Court.

### A.  Sufficiency of the Pleadings

Taking the Superior Court's arguments in reverse order, the Court agrees that Plaintiff's

---

[2] Plaintiff also served California Attorney General Kamala Harris, who is not party to the Superior Court's Motion to Dismiss.  ECF 18.

[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

3

allegations do not set forth a plausible claim for relief.  The Court first observes that it is not entirely clear who Plaintiff intended to sue in this lawsuit.  *See* Def.'s Mot. 1-2.  The Complaint identifies the "Defendant(s)" as "Kamala Harris, Attorney General" at the address "Santa Clara County Superior Court," Compl. ¶ 1(b), but sets forth allegations that appear to only involve the Superior Court, *see id.* ¶¶ 5(a)-(f).  Moreover, to the extent Plaintiff's claim against the Superior Court can be construed as one brought pursuant to 42 U.S.C. § 1983, the Superior Court is correct that it is not a "person" subject to suit under that section.  Def.'s Mot. 10; *see also Wolfe v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004) (finding California Judicial Council to be a state agency not subject to suit in constitutional challenge to state vexatious litigant statute); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (Superior Court is an agency of the State of California).

On the substance of the allegations, Plaintiff invokes a number of constitutional amendments, as well as provisions of the California Constitution that do not appear to have any bearing on this case.  *See* Def.'s Mot. 10 n.4, 12 (noting Plaintiff's reference to the Ninth Amendment and to Article I, section 9 of the California Constitution, which prohibits the legislature from passing bills of attainder, ex post facto laws, or laws impairing the obligation of contracts); *see generally* Compl. ¶¶ 2(b), 5(a), (i)-(m).  The Court liberally construes Plaintiff's claim to be that the bail requirement for trial by declaration set forth in California Vehicle Code § 40902(b) violates the Equal Protection Clause of the Fourteenth Amendment as applied to him and those who similarly cannot afford bail.  *Id.* ¶ 5(a).  To the extent Plaintiff asserts violations of other federal and state constitutional provisions, he has not clearly articulated facts that support such other theories of constitutional harm.

As to equal protection, the Fourteenth Amendment provides that "no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  Equal protection law generally requires two inquiries: whether a "fundamental" right or interest is involved, and whether "suspect classification, such as race, nationality, or alienage, is present."

*Compare Griffin v. Illinois*, 351 U.S. 12, 19 (1956)[5] (law requiring criminal appellants to pay for trial transcripts violated equal protection as to indigent appellants) *with Ortwein v. Schwab*, 410 U.S. 656, 660 (1973) (filing fee to appeal adverse welfare decisions did not violate equal protection as to indigent appellants). Here, Plaintiff challenges a facially nondiscriminatory law by making a number of generalized pronouncements that the Superior Court "has a no pay-no access policy for the special TBD court procedure," Compl. ¶ 5(b), or a "two-class system," *id.* ¶ 5(e), and postulates a number of "added benefits" that a trial by declaration affords to "paying individuals," *id.* ¶ 5(f). The Court agrees with the Superior Court that these generalized assertions are not sufficiently factual to state a claim for relief. Def.'s Mot. 9. While the gravamen of Plaintiff's claim appears to be that the bail requirement of California Vehicle Code § 40902(b) discriminates against indigent defendants, Plaintiff has not actually articulated a right or interest that is denied to those who are denied a trial by declaration. As such, Plaintiff has failed to plausibly state a claim that California Vehicle Code § 40902(b) violates the Equal Protection Clause of the Fourteenth Amendment.

Finally, because Plaintiff has now informed the Court that his underlying traffic ticket case was dismissed, it is not clear whether Plaintiff has standing to pursue his claim for declaratory and injunctive relief. *See* Def.'s Mot. 11. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1982). This generally requires that a plaintiff allege "that he has sustained or is immediately in danger of

---

[5] Without citing the case, Plaintiff quotes from Justice Black's plurality opinion in *Griffin v. Illinois*, 351 U.S. 12, 19 (1956), for the proposition that "[t]here can be no equal justice where the kind of trial a man gets depends on the amount of money he has." Compl. ¶ 5(h). *Griffin* concerned a state appeal procedure that required convicted defendants to pay for trial transcripts that are a necessary part of the appeal. Indigent appellants were completely foreclosed from the appeal process by virtue of their inability to pay for the required transcripts. *Griffin*, 351 U.S. at 16. Subsequent cases clarifying *Griffin* note that "[s]tates may not impose financial barriers that preclude indigent defendants from securing appellate review altogether. Nor may States create unreasoned distinctions among defendants that arbitrarily cut off appeal rights for indigents while leaving open avenues of appeals for more affluent persons." *Halbert v. Michigan*, 545 U.S. 605, 629 (2005) (internal quotations and citations omitted); *see also Kadrmas v. Dickinson Pub. Sch.*, 487 U.S. 450, 460 (1988) (distinguishing *Griffin* and its progeny because "each involved a rule that barred indigent litigants from using the judicial process in circumstances where they had no alternative to that process").

1  sustaining some direct injury as the result of the challenged" statute sufficient to demonstrate a

2  "personal stake in the outcome." *Id.* at 101-02 (internal quotations and citations omitted).

3  Abstract injury is not enough—"the injury or threat of injury must be both real and immediate, not

4  conjectural or hypothetical." *Id.* Because Plaintiff's traffic ticket case was dismissed, it is

5  difficult to discern what injury he has suffered from being unable to challenge his traffic infraction

6  through trial by declaration. It is furthermore not clear whether Plaintiff can allege that he is

7  immediately in danger of sustaining some injury sufficient to establish a case or controversy for

8  forward-looking injunctive relief. *See id.* at 105-11 (no case or controversy for injunction against

9  future police use of strangleholds in traffic encounters because plaintiff could not plausibly allege

10 that he would again encounter the police and be subject to a stranglehold in the future).

11 In spite of these significant deficiencies in Plaintiff's Complaint, the Court cannot

12 foreclose the possibility that they can be cured by amendment. As such, Plaintiff will be afforded

13 an opportunity to address the deficiencies identified in this order. For the foregoing reasons, the

14 Superior Court's Motion to Dismiss is GRANTED with leave to amend. Though the Court will

15 grant Plaintiff leave to amend in order to better articulate his claims and identify the proper

16 parties, he would be well advised to carefully consider who the proper defendant (or defendants)

17 would be in this action.[6]

18 **B.   The Superior Court's Other Arguments for Dismissal**

19 The Superior Court advances several other arguments in support of dismissal that the Court

20 addresses briefly here. Given what is now known about the outcome of Plaintiff's underlying

21 traffic ticket case, the *Rooker-Feldman* doctrine does not preclude Plaintiff's claim. *See* Def.'s

22 Mot. 4-6. The *Rooker-Feldman* doctrine, which stands for the proposition that "a federal district

23 court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a

24 state court," *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), is inapplicable here, where

---

[6] The Court previously indicated that it would not permit Plaintiff to add new parties to this lawsuit. In the interest of judicial efficiency, the Court will give Plaintiff leave to identify and add proper defendants. Any new parties must be served and do not waive their right to file motions to dismiss as appropriate.

1  Plaintiff's traffic ticket case was dismissed without adjudication due to the charging officer's
2  failure to appear.  Nor would the Court abstain based on the doctrine enunciated in *Younger v.*
3  *Harris*, Def.'s Mot. 4-6, as there is no co-pending state criminal proceeding that would be
4  effectively enjoined by the Court's consideration of this action.  *See ReadyLink Healthcare, Inc. v.*
5  *State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (*Younger* "reaffirmed the long-standing
6  principle that federal courts sitting in equity cannot, absent exceptional circumstances, enjoin
7  *pending* state criminal proceedings" (emphasis added)).

The Eleventh Amendment presents a more significant barrier to Plaintiff's claim against the Superior Court, which, as an arm of the state, is immune from suits for either damages or injunctive relief unless such immunity is expressly waived.  *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam); *Zolin*, 812 F.2d at 1110.  The Court thus agrees that it appears the Eleventh Amendment may foreclose Plaintiff's claim for declaratory and injunctive relief against the Superior Court, as it is presently pled.  Def.'s Mot. 6-8.  However, as the Court has identified a number of other deficiencies with Plaintiff's present Complaint, including the lack of clarity over whether he intended to sue the Superior Court in the first place or the constitutional theory underlying his claim, Plaintiff will be afforded leave to amend his Complaint before this Court decides whether the Eleventh Amendment absolutely bars Plaintiff's claim against the Superior Court.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED with leave to amend.  Plaintiff shall file an amended complaint **on or before November 21, 2014**.

The Court further advises Plaintiff that he may benefit from contacting the Federal Legal Assistance Self-Help Center at the San Jose Courthouse (FLASH).  Appointments can be made Mondays through Wednesdays by calling (408) 297-1480.

Dated: October 27, 2014

BETH LABSON FREEMAN
United States District Judge

7