1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| LONNIE PAHL CUMMINGS,<br><br>        Plaintiff,<br><br>    v.<br><br>KAMALA HARRIS,<br><br>        Defendant. | Case No.  14-cv-02539-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>[Re:  ECF 38] |

In this action, *pro se* plaintiff Lonnie Pahl Cummings challenges the constitutionality of a state law requiring the posting of bail in order to challenge a traffic ticket via a special procedure known as a "trial by declaration."  Before the Court is the Motion to Dismiss filed by defendant Kamala D. Harris, the Attorney General for the State of California ("Defendant," or "Attorney General").  Def.'s Mot., ECF 38.  For the reasons stated herein, the Court finds that the Eleventh Amendment bars Plaintiff's claim against Defendant and GRANTS Defendant's motion to dismiss without leave to amend.

## I.   BACKGROUND

The present motion concerns Plaintiff's First Amended Complaint ("FAC"), which names Attorney General Kamala D. Harris as the sole defendant in the case.  *See* FAC, ECF 29.  Plaintiff's original complaint, filed June 3, 2014, appeared to name two defendants: Attorney General Kamala Harris and the Superior Court of California, County of Santa Clara ("the Superior Court").  On October 27, 2014, after a hearing with Plaintiff in attendance, the Court granted the Superior Court's motion to dismiss and afforded Plaintiff an opportunity to amend.  Order Granting Mot. to Dismiss, ECF 27.  Plaintiff filed the FAC on November 21, 2014, and the Court subsequently dismissed the Superior Court from the case because it appeared that Plaintiff was no

1    longer pursuing his claims against that defendant.  *See* ECF 34.

2         Aside from the change in defendants, the substance of Plaintiff's allegations remains

3    largely unchanged.  Plaintiff challenges the constitutionality of California Vehicle Code § 40902,

4    which provides that a defendant cited for a traffic infraction "may elect to have a trial by written

5    declaration" upon submission of bail in the amount of the traffic penalty.  Cal. Veh. Code §

6    40902.[1]  Plaintiff asserts that he requested a trial by declaration but was unable to post bail due to

7    financial inability.  FAC ¶¶ 5(b)-(c).  As such, he was required to appear before a judge in order to

8    contest his traffic ticket.  *Id.* ¶ 5(d).  Although not alleged, Plaintiff informed the Court at a

9    hearing on October 16, 2014 that the underlying traffic citation was dismissed in September 2014

10   because the charging officer did not appear in court.

11        Plaintiff asserts that the bail requirement for a trial by declaration is unconstitutional,

12   referencing a number of provisions from both the United States Constitution and the California

13   Constitution.  He seeks declaratory relief and asks the Court to answer a number of questions

14   posed in the FAC, such as: "Has Plaintiff's rights to access Superior Court by way of Trial by

15   Declaration been violated?"; "If Infractions are not arrest able [sic] crimes then how is the 'bail'

16   not a fee?"; and "Is the bail requirement unconstitutional?"  *Id.* ¶ 5(k).  Plaintiff seeks "an order

17   against the bail/fee access requirement to the Court by way of Trial by Declaration."  *Id.* at p. 9.

18   **II.    LEGAL STANDARD**

19        Federal Rule of Civil Procedure 8(a) requires that a plaintiff set forth in his complaint a

20   "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

21   P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of the

22   plaintiff's statement of his claims.  To survive such a motion, a complaint must plead sufficient

23   factual matter that, when accepted as true and construed in the light most favorable to the non-

24   moving party, "allows the court to draw the reasonable inference that the defendant is liable for

25   the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp.*

26

27   _____

     [1] Plaintiff's First Amended Complaint again fails to identify the law that he seeks to challenge.  As
28   noted in the Court's prior order dismissing the original complaint, the challenged law appears to
     be California Vehicle Code § 40902.  *See* Order Granting Mot. to Dismiss at 2 n.1, ECF 27.

United States District Court
Northern District of California

*v. Twombly*, 550 U.S. 544, 555, 557 (2007).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, a federal court has an independent obligation to insure that it has subject matter jurisdiction over a matter. See Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). On a motion to dismiss pursuant to Rule 12(b)(1), which challenges a court's subject matter jurisdiction over a claim, the burden is on the plaintiff, as the party asserting jurisdiction, to establish that subject matter jurisdiction exists. *Kokkonen*, 511 U.S. at 377. A facial jurisdictional challenge, as advanced here, asserts that even if assumed true, "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"[A] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (quoted with approval in *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1041 (9th Cir. 2014)). Conversely, leave to amend may be denied if amendment would be futile, and a district court's discretion to deny leave to amend is "particularly broad" where a plaintiff has previously amended unsuccessfully. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citing *Sisseton–Wahpeton Sioux Tribe v. United States,* 90 F.3d 351, 355 (9th Cir. 1996)).

## III.   DISCUSSION

Defendant advances three arguments in support of her motion to dismiss: (1) that Plaintiff lacks standing to bring his claim; (2) that Defendant is immune from suit under the Eleventh Amendment; and (3) that Plaintiff has failed to state a claim. Def.'s Mot. 5-11. The Court finds Defendant's claim of sovereign immunity dispositive and addresses only that issue here.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity,

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    commenced or prosecuted against one of the United States by Citizens of another State, or by

2    Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment

3    erects a general bar against federal lawsuits brought against a state." *Porter v. Jones*, 319 F.3d

4    483, 491 (9th Cir. 2003). "It does not, however, bar actions for prospective declaratory or

5    injunctive relief against state officers in their official capacities for their alleged violations of

6    federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133-34 (9th Cir.

7    2012) (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908) and *Alden v. Maine*, 527 U.S. 706, 747

8    (1999)). Sovereign immunity under the Eleventh Amendment circumscribes a federal court's

9    jurisdiction and must generally be resolved before reaching the merits of a case. *Id.* at 1133

10   (citing *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999)).

11          Here, Defendant contends (and the Court agrees) that Plaintiff's suit is in reality a claim

12   against the State because he has not alleged a claim against Defendant, in her capacity as the

13   Attorney General of California, that can properly proceed under the limited exception to Eleventh

14   Amendment immunity enunciated in *Ex parte Young*. Def.'s Mot. 6-8. Indeed, there are no

15   allegations concerning Defendant's conduct in connection with Plaintiff's claims, nor is she even

16   mentioned anywhere in the FAC other than as the defendant to this lawsuit. *See generally* FAC.

17          Plaintiff in response contends only that his "complaint is similar to *Ex Parte Young* as his

18   case is for Declaratory and Injunctive Relief." Pl.'s Opp. 8, ECF 39. Plaintiff asserts that "[a]s in

19   *Young*, Plaintiff's complaint names the Attorney General as defendant in her Official capacity only

20   and seeks an order to comply with the Fourteenth Amendment." *Id.* The myriad cases that

21   Plaintiff cites in his support are not persuasive, however, because they do not address the central

22   issue raised by Defendant's motion: that Plaintiff has sued the wrong government official. *Cf. id.*

23   at 9-12. As *Ex parte Young* itself states:

24                  In making an officer of the state a party defendant in a suit to enjoin
                    the enforcement of an act alleged to be unconstitutional, it is plain
25                  that such officer must have *some connection* with the enforcement
                    of the act, or else it is merely making him a party as a representative
26                  of the state, and thereby attempting to make the state a party."

27   *Ex parte Young*, 209 U.S. at 157 (emphasis added). The Ninth Circuit, in interpreting and

28   applying the principle of *Ex parte Young* has consistently policed the "connection" requirement,

4

United States District Court
Northern District of California

1  noting that it "must be fairly direct; a generalized duty to enforce state law or general supervisory

2  power over the persons responsible for enforcing the challenged provision will not subject an

3  official to suit."  *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992); *see also*

4  *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998); *Long v. Van de Kamp*, 961 F.2d 151, 152

5  (9th Cir. 1992) (per curiam); *Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*,

6  714 F.2d 946, 953 (9th Cir. 1983).

7  Here, Plaintiff fails to allege or establish any connection between the challenged law—

8  Vehicle Code § 40902, which concerns the manner in which a traffic violation can be tried before

9  a court—and Defendant—the Attorney General for the State of California, who does not appear to

10  be responsible for enforcing this particular challenged section of the Vehicle Code.  There are

11  furthermore no allegations in the FAC to indicate that Defendant has enforced or has threatened to

12  enforce Vehicle Code § 40902 against Plaintiff.[2]  Thus, his requested declaratory relief is not from

13  any "action attributable or traceable to the Attorney General" and is instead, in reality, a suit

14  against the State.  *Long*, 961 F.2d at 152; *see also Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d

15  835, 846 (9th Cir.) *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002) (explaining

16  that cases like *Long* "are concerned with plaintiffs circumventing the Eleventh Amendment under

17  *Ex parte Young* simply by suing *any* state executive official").  As such, the Eleventh Amendment

18  bars Plaintiff's claim against Defendant.

19  Although the Court is mindful that Plaintiff is unrepresented and attempting to navigate a

20  tricky area of constitutional law, the Court previously noted its concerns with Plaintiff's claim and

21  indicated that "he would be well advised to carefully consider who the proper defendant (or

22  defendants) would be in this action."  Order Granting Mot. to Dismiss at 6.  In his amended

23  complaint, Plaintiff continues to advance a claim against the Attorney General, which this Court

24  now finds barred by the Eleventh Amendment.  As such, further leave to amend would be futile.

25  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

26

27

28  [2] As noted in *Long*, the "lack of threatened enforcement by [Defendant] also means that the 'case or controversy' requirement of Article III is not satisfied."  *Long*, 961 F.2d at 152.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss First Amended Complaint is GRANTED without leave to amend.  The Clerk of the Court shall close the case file.

**IT IS SO ORDERED.**

Dated: July 28, 2015

BETH LABSON FREEMAN
United States District Judge